1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

18

19

20

21

22

ELIUT MARAVILLA AMAYA,

      Petitioner,

v.

KRISTI NOEM, Secretary, United States
Department of Homeland Security; TODD
LYONS, Acting Director, Immigration and
Customs Enforcement; PATRICK
DIVVER, Field Office Director, San
Diego Field Office, U.S. ICE,
CHRISTOPHER J. LAROSE, Senior
Warden, Otay Mesa Detention Center;
SIRCE OWEN, Acting Director of the
Executive Office for Immigration Review
(EOIR), U.S. DOJ; PAMELA BONDI,
United States Attorney General,

      Respondents.

No. 25cv2892-BTM-DEB

**ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS**

23

24

      Pending before the Court is Petitioner Eliut Maravilla Amaya's petition for a writ
of habeas corpus.

25

**A.**     **Background**

26

27

28

      Petitioner, a citizen and national of El Salvador, entered the United States without
inspection about 2006. Petitioner alleges that he was detained by Immigration and
Customs Enforcement (ICE) officers on September 25, 2025. Petitioner claims that ICE
officers detained him near a Home Depot in the Los Angeles area. Petitioner alleges that

1   ICE officers had information indicating that Petitioner lacked lawful status.  ICE served

2   Petitioner with a Notice to Appear after his arrest.  Petitioner claims that he is entitled to

3   a bond hearing.

4          Petitioner claims that Respondents are misclassifying him as an "applicant for

5   admission," which would make him ineligible for a bond hearing.  Because he is a long-

6   term resident of the United States, he argues that his case is governed by 8 U.S.C. §

7   1226(a), which allows for a bond determination.  The Government contends that this

8   Court lacks jurisdiction and that Petitioner is an applicant for admission.

9          **B.    Discussion**

10         This Court has jurisdiction to review Petitioner's challenge.  *Nielsen v. Preap*, 586

11  U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court

12  decisions to review legal challenge to decision to deny bond hearings).  This Court has

13  jurisdiction because Petitioner is not challenging his removal, the execution of a removal

14  order, or a discretionary decision by the Attorney General.  *See id.*; *see also Arce v.*

15  *United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s

16  jurisdiction-stripping power to actions challenging the Attorney General's discretionary

17  decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

18         Instead, Petitioner has raised a legal challenge to Respondents' decision to

19  automatically deny bail for noncitizens living in the United States for many years.

20  Because that issue is ripe for review, Petitioner is not required to further exhaust any

21  potential administrative remedies.  *See, e.g.*, *Esquivel-Ipina v. LaRose*, No. 25-cv-2672,

22  2025 U.S. Dist. LEXIS 210275, *9 (S.D. Cal. Oct. 24, 2025) (finding exhaustion futile on

23  this issue).  The Government has also waived the issue of exhaustion by failing to

24  identify how Petitioner could further exhaust administrative remedies.[1]  In any event,

25  exhaustion would be futile because of the Board of Immigration Appeal's (BIA) recent

26  decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

27

28         [1] The Government discusses exhaustion in a footnote.  But a party may not raise an issue
   in a footnote.  *United States v. Rodriguez*, 971 F.3d 1005, 1015 n.8 (9th Cir. 2020) (finding an
   issue in a footnote insufficiently raised).

In *Hurtado*, the BIA held that immigration judges lack authority to hold bond hearings for noncitizens present in the United States who have not been admitted after inspection. The BIA in *Hurtado* determined that noncitizens present in the United States without admission are "applica[nts] for admission," and thus may not be released on bond. District courts have rejected *Hurtado* and have ruled that applicants for admission are people actively entering the United States or applying for a status. *Esquivel-Ipina*, 2025 U.S. Dist. LEXIS 210275, *11-12 (collecting cases). Those courts have recognized that a noncitizen is not an applicant for admission merely by living in the United States without lawful status. *Id.*

This Court too must reject *Hurtado* as inconsistent with Sections 1225 and 1226. 8 U.S.C. § 1225 deals extensively with arriving noncitizens who are actively seeking admission. Section 1225 refers to actual applications for admissions. *See Torres v. Barr*, 976 F.3d 918, 926 (9th Cir. 2020) (en banc) ("Given that an immigrant submits an application for admission at a distinct point in time, stretching the phrase at the time of application for admission to refer to a period of years would push the statutory text beyond its breaking point." (quotation marks omitted)). Contrary to *Hurtado*, every noncitizen living in the United States without lawful status is not necessarily an applicant for admission. *See id.*; *accord United States v. Gambino-Ruiz*, 91 F.4th 981, 989 (9th Cir. 2024) (explaining that the court already "rejected the view that an alien remains in a perpetual state of applying for admission"). The Court also incorporates and adopts the analyses from *Esquivel-Ipina*, 2025 U.S. Dist. LEXIS 210275; *Lopez v. Larose*, No. 25-cv-2717-JES-AHG, 2025 U.S. Dist. LEXIS 214488 (S.D. Cal. Oct. 30, 2025); *Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 U.S. Dist. LEXIS 171714 (S.D. Cal. Sep. 3, 2025); and *Vazquez v. Feeley*, No. 25-cv-01542-RFB-EJY, 2025 U.S. Dist. LEXIS 182412 (D. Nev. Sep. 17, 2025).

The facts alleged are undisputed. Petitioner is a long-term resident of the United States. He was apprehended in the interior of the United States, not near the border or a

port of entry.  He is not an applicant for admission.  He may not be denied a bond hearing based on Respondents' contention that his case falls within Section 1225.

If an immigration judge grants Petitioner release on bond, Respondents could try to stay that decision under 8 C.F.R. § 1003.19(i)(2).  Courts have found that provision unconstitutional.  *See, e.g.*, *Silva v. Larose*, No. 25-cv-2329-JES-KSC, 2025 U.S. Dist. LEXIS 191833 (S.D. Cal. Sept. 29, 2025); *Vazquez*, 2025 U.S. Dist. LEXIS 182412 at *53-62.  That issue is not ripe for decision on this record.  Respondents may decide not to invoke the stay.

### C.    Conclusion

For the reasons stated, the petition for a writ of habeas corpus is granted on the first cause of action.  Respondents must provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days of the entry of this order.  Respondents shall not deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The second cause of action is dismissed without prejudice as moot since relief has been granted on the first cause of action.  Respondents must file a status report no later than December 2, 2025.

**IT IS SO ORDERED.**

Dated:  November 13, 2025

Honorable Barry Ted Moskowitz
United States District Judge

4